I concur in Justice Houston's dissent. I also point out that the majority opinion acknowledges that the appellee was aware of the flood easement. The appellant's flood easement was recorded, and it is undisputed that the appellee's landscape architect and designer had actual knowledge of the existence and location of that easement prior to the commencement of construction.
The appellee testified as follows:
"Q. And what did he [the designer] tell you?
 "A. He told me he knew about it, but he didn't think anything would ever become of it.
 "Q. He told you that he knew about it all along, didn't he?
"A. Yes.
 "Q. In other words, your designated representative, your authorized man on the scene, knew all along that you were building your addition in the flood easement?
"A. That's right.
 "Q. How about Mr. Starbuck [the landscape architect], what did he tell you?
"A. I think he knew about it, too.
 "Q. So, here we have the two people that you had sort of authorized to act on your behalf, and they both knew all along; didn't they?
"A. Yes, sir."
Even under a "balancing of the equities" test, in my opinion, this knowledge of the easement prior to construction should weigh heavily in favor of the appellant.
I respectfully dissent.